**Mary J. BAILEY (Adams), Plaintiff and Appellant,**

v.

**Spencer ADAMS, Defendant and Appellee.**

**No. 900344–CA.**

Court of Appeals of Utah.

Sept. 19, 1990.

Suzanne Marelius, Littlefield & Peterson, Salt Lake City, for plaintiff and appellant.

Nicolaas de Jonge, Salt Lake City, for defendant and appellee.

Before GREENWOOD, BENCH and DAVIDSON,[1] JJ.

PER CURIAM:

This matter is before the court on appellant's motion for summary reversal for manifest error, pursuant to Utah R.App.P. 10. In response, appellee filed a motion to dismiss plaintiff's motion for summary disposition, but did not file a response addressing the merits of appellant's motion.

■ We first consider appellee's motion to dismiss appellant's motion. Appellee contends that the motion was untimely based on Rule 10's requirement that a motion for summary disposition be filed within 10 days after the docketing statement is served. Appellant's docketing statement was served on July 9, 1990, and her motion for summary disposition was filed on July 23, 1990. Appellant contends that because she served the docketing statement by mail, she was entitled to an additional three days after service of the docketing statement in which to file a motion for summary reversal. *See* Utah R.App.P. 22(d). Although this three-day mailing rule is usually applied when the receiving party is required or permitted to act after receipt of the document, it does not specifically exclude the present situation. It is unnecessary to rely upon the mailing rule, however, since Utah R.App.P. 2 provides this court with the flexibility to suspend the requirements of Rule 10, on its own motion, where a suspension is "[i]n the interest of expediting a decision." Because we conclude that the motion is clearly meritorious and would thus support a suspension of Rule 10's time limitation, we deny the motion to dismiss appellant's motion.

■ The parties were divorced in 1985. Appellant Mary J. Bailey was awarded custody of the parties' child. On June 2, 1989, the trial court entered an Order on Petition for Modification of Decree of Divorce pursuant to the joint stipulation of the parties (the "June, 1989 order"). That order, and the stipulation, set child support at $350 per month and provided for gradual increases over a two year period culminating at $500 per month as of May 1, 1991. The June, 1989 Order also contained the following provision:

> 7. Both parties agree to cooperate in the future and use their best efforts to insure that the levels of child support are in keeping with the judicial guidelines in force at any given time. *To this end, the parties agree to keep one another informed of substantial changes in their financial circumstances and to cooperate in making voluntary adjustments to child support based on these changes, as needed.*

(Emphasis added.)

On or about December 1, 1989, appellee's counsel informed appellant's counsel that based on his interpretation of the above-quoted paragraph and the statutory child support guidelines that went into effect on July 1, 1989, appellee's child support obligation should be adjusted downward.[2] Appellee thereafter has paid only $230 per month. Appellant made a motion for order to show cause seeking to compel defendant to pay the stipulated amounts of child support under the June, 1989 Order.

On January 16, 1990, a domestic relations commissioner recommended that appellant be awarded judgment for past due support at the rate of $350 per month, an order for income withholding, and attorney fees of $250. Appellee objected to the recommendation, resulting in a hearing before a district court judge. On March 27, 1990, the district court issued an order on its own motion requiring appellee to pay child support of $260 per month. The findings of fact in support of the order were as follows:

> 1. That an Order on Petition for Modification of Decree of Divorce was entered June 2, 1989, pursuant to joint stipulation of the parties which set the amount of

---

1. Judge Davidson concurred in this opinion prior to his resignation effective September 1, 1990.

2. The letter was signed by appellee's present counsel, who is not the attorney who signed the stipulation for modification of the child support amounts in June, 1989.

child support on behalf of the parties' one minor child, at $350 per month.

2. That there has been no intervening order changing that level of support and that no party has filed a Petition to Modify that Order.

3. The Court finds that the stipulation underlying the Order of Modification was mutually and voluntarily entered into.

4. The Court finds that Defendant's contention the child support amount should be based on one full-time employment income has merit.

5. The Court finds that Plaintiff is a teacher with equal opportunity to work to supplement her income if she desires.

6. The Court finds there has been no showing of Plaintiff's needs to justify a greater amount than $260 per month for child support and no showing that Plaintiff could not seek summer employment, as Defendant has done, in order to supplement her income.

The trial court also stated in its memorandum decision that the June, 1989 order did not allow a unilateral adjustment of the support amount, without court approval.

■ In her motion, appellant makes three basic contentions: (1) the trial court erred by modifying child support when no petition to modify had been filed; (2) the trial court erred by modifying the support amount without finding that a material change of circumstances had occurred since the June, 1989 order of modification; and (3) the court made insufficient findings of fact on which to base a change of the child support award. We agree.

The operative pleading before the trial court was appellant's motion for order to show cause, which sought an order requiring appellee to pay $350 per month as ordered in June, 1989. In response, appellee claimed that the June, 1989 order (entered after the enactment of the child support guidelines, but one month before their effective date) allowed an automatic, unilat-

eral downward adjustment of the support amount. Appellee also contended that he had not signed or approved the stipulation executed on his behalf by his former counsel. Both of these contentions were rejected by the trial court. It is equally clear that the existence of a "material change of circumstance" was neither pleaded by appellee nor supported by adequate findings of the trial court, and the reduction cannot be supported on that basis.

■ Appellee's final contention in opposition to the motion for order to show cause cited Utah Code Ann. § 78–45–7.5(2) (Supp. 1990) stating that "Income from earned income sources is limited to the equivalent of one full-time job." The sole basis for the court's sua sponte motion and the resulting modification was its interpretation of the statutory child support guidelines to require the support amount to be based upon "one full-time employment income." An underlying assumption is that the statutory child support guidelines were applicable to the June, 1989 order modifying the original child support order. We conclude that, under the circumstances of this case, the provision relied upon by the trial court was not applicable to allow a reduction of the support award.

The applicability of the child support guidelines at all times material to this proceeding was governed by Utah Code Ann. § 78–45–7.2(1) (Supp.1990),[3] which provides:

(a) The guidelines apply to any judicial or administrative order establishing or modifying an award of child support *entered on or after July 1, 1989.*

(b) Neither the enactment of the guidelines or any consequent impact of the guidelines on existing child support orders constitute a substantial or material change of circumstance as a ground for modification of a court order existing prior to July 1, 1989. *However, if the court finds a material change of circumstances independent of the guide-*

---

**3.** Utah Code Ann § 78–45–7.2 (Supp.1990) was amended, effective October 13, 1990. Subsection (6) provides, in relevant part: "With regard to child support orders, enactment of the guidelines and any subsequent change in the guide-

lines constitutes a substantial or material change of circumstances as a ground for modification of a court order, if there is a difference of at least 25% between the existing order and the guidelines."

*lines, the guidelines may be applied to modify a court order existing prior to July 1, 1989.*

(Emphasis added.) At the time of the June, 1989 Order, appellee claimed income from a nine-month teaching contract with Salt Lake Community College and a summer quarter contract to teach for the University of Utah. He stipulated that his 1988 W–2 wages were $39,382. In response to the subsequent order to show cause, however, appellee claimed that his income was limited, for purposes of calculating child support, to $25,965, the amount of his 1989–90 contract at Salt Lake Community College. The trial court did not find a material change in appellee's income, but concluded that appellee's income was limited to the amount earned under the nine month contract. At the same time, the district court apparently concluded that for child support purposes, appellant could have income from prospective summer employment imputed to her. We need not reach the factual issues that would be involved in applying the "full-time equivalent" language to appellee's situation, based on our conclusion that the guidelines cannot be applied to modify the support amount agreed to by the parties, and adopted by the trial court prior to July 1, 1989, absent a finding that a material change in circumstance independent of the guidelines has occurred. *See* Utah Code Ann. § 78–45–7.2 (Supp.1990). We also note that this result appears to be what was intended by the parties in their June, 1989 stipulation, which provided that "the parties agree to keep one another informed of *substantial changes in their financial circumstances* and to cooperate in making voluntary adjustments to child support *based on these changes,* as needed." (Emphasis added.)

The judgment and supporting findings are affirmed insofar as they conclude: (1) the June, 1989 order did not allow unilateral modification of the child support amounts; (2) the June, 1989 stipulation was voluntary and binding; and (3) the effective support amount was $350 per month at all times relevant to this appeal. Those portions of the judgment reducing child support based on Utah Code Ann. § 78–45–7.5(2) (Supp.1990) are reversed, and the matter is remanded for entry of judgment for arrearages from December 1989 for the difference between the amount actually paid and $350 per month, judgment reinstating the June, 1989 order modifying child support and for determination of an appropriate award of attorney's fees incurred in this appeal by appellant.

GREENWOOD, BENCH and DAVIDSON, JJ., concur.