**David Clark ADELMAN, Plaintiff and Appellant,**

v.

**Mary Anne ADELMAN aka Mary Anne Lynch, Defendant and Appellee.**

**No. 900251–CA.**

Court of Appeals of Utah.

July 25, 1991.

Gary J. Anderson (argued), Michael K. Black, Orem, for plaintiff and appellant.

Stephen L. Henriod (argued), Henriod & Henriod, Salt Lake City, for defendant and appellee.

Before BENCH, GARFF and RUSSON, JJ.

## OPINION

GARFF, Judge:

Appellant, David Clark Adelman appeals an order from an order to show cause clarifying in part, enforcing in part and modifying in part a decree of divorce that ended his marriage with appellee, Mary Anne Lynch. We affirm in part, reverse in part, remand in part, and vacate in part.

The parties divorced in 1983. Further orders were made by the court with respect to property, custody, and support in an amended decree dated November 13, 1984. Ms. Lynch was awarded custody of the parties' minor children and Mr. Adelman was ordered to pay child support. Both parties were ordered to carry health and accident insurance for the benefit of the children. The issues involving the retirement program division and an equitable lien on the family home were determined in an amended decree entered August 8, 1985. The amended decree awarded Ms. Lynch a portion of Mr. Adelman's retirement benefits pursuant to the formula set forth in *Woodward v. Woodward*, 656 P.2d 431, 433 (Utah 1982). Mr. Adelman's equity in the family home was fixed at $34,636, to be paid in full, after subtracting one-half of the closing costs, at the first of several designated events, one of which was Ms. Lynch's remarriage. Ms. Lynch was awarded $5,000 in alimony, payable at a rate of $166 per month.

On September 7, 1989, Ms. Lynch moved for an order to show cause why certain specified relief should not be granted. The matter was heard before a domestic relations commissioner who entered written recommendations on September 14, 1989. The court affirmed the same and entered its order on November 3, 1989 granting substantially all of the relief requested. That relief included (1) an order requiring Mr. Adelman to assign to Ms. Lynch her portion of the retirement benefits awarded to her in the amended decree; (2) a requirement that Mr. Adelman name Ms. Lynch as beneficiary of his retirement survivorship benefit; (3) a judgment of $5,000 for back alimony plus ten percent interest from the date each payment became due and payable; (4) an order requiring Mr. Adelman to pay for one-half of the unreimbursed medical and dental expenses of the children incurred since 1982, plus ten percent interest from the date each bill was paid; (5) an order requiring Mr. Adelman to pay for one-half of all future unreimbursed medical and dental expenses of the children; (6) an order requiring that Mr. Adelman's equity in the marital home be offset by the judgments against Mr. Adelman set forth in the order; (7) an order requiring that Mr. Adelman's equity not be paid him until such time as he complies with the terms of the order; and (8) an award of $1,000 for Ms. Lynch's attorney fees.

Mr. Adelman appeals the order raising issues concerning the survivor benefits, the assignment of the retirement benefits, the medical and dental expenses, the equity on the marital home, and the award of attorney fees. Ms. Lynch requests attorney fees below and on appeal.

## SURVIVOR BENEFITS

■ Mr. Adelman claims the court erred in awarding Ms. Lynch survivorship benefits because the amended decree awarded her only a portion of the retirement benefits and not the survivor benefits. He argues that, because survivor benefits were not litigated in the original proceeding, it was improper to amend, clarify, or modify the decree to include them by way of an order to show cause.

Ms. Lynch claims that the court reasonably assumed that the original decree contemplated survivor benefits along with the retirement benefits because survivor benefits were described in an exhibit before the court in the original proceedings. Therefore, the issue was properly raised in an order to show cause because she was seeking to clarify what was already implicit in the original order.

Both parties concede that the fact that Ms. Lynch remarried and that she did so

before age fifty-five, renders her ineligible for survivor's benefits.

Our general rule is to "refrain from adjudicating issues when the underlying case is moot. A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." *Burkett v. Schwendiman*, 773 P.2d 42, 44 (Utah 1989). *See also Reynolds v. Reynolds*, 788 P.2d 1044, 1045–46 (Utah App.1990). An exception to this rule is "when the case presents an issue that affects the public interest, is likely to recur, and because of the brief time that any one litigant is affected, is capable of evading review." *Burkett*, 773 P.2d at 44.

In a case such as this, where the issue is moot and where "the order of the district court could affect 'subsequent proceedings or rights of the parties,' we vacate the order and remand the case with instructions to dismiss." *Cullimore v. Schwendiman*, 652 P.2d 915, 916 (Utah 1982). Likewise, we vacate the award to Ms. Lynch of the survivorship annuity and instruct the court to dismiss that portion of the order to show cause.

■ Ms. Lynch contends that any rights she may have had in the annuity could be reinstated upon her current marriage ending in divorce, annulment, or widowhood. Therefore, she argues that this court should affirm those inchoate rights. This issue is also inappropriate for appellate review because it is not ripe. Ripeness occurs when "a conflict over the application of a legal provision [has] sharpened into an actual or imminent clash of legal rights and obligations between the parties thereto." *Redwood Gym v. Salt Lake City Comm'n*, 624 P.2d 1138, 1148 (Utah 1981). We therefore refrain from addressing what rights may be reinstated in the event Ms. Lynch's current marriage should end.

## ASSIGNMENT OF RETIREMENT BENEFITS

Mr. Adelman claims that the court erred in ordering him to formally assign to Ms. Lynch her portion of the retirement benefits because he had already completed all steps necessary to allow Ms. Lynch to claim her portion of the benefits. He claims that Ms. Lynch was aware that he had completed these steps because she had placed into the record letters from him reflecting that fact. Therefore, Mr. Adelman claims that the order was unnecessary and was brought in bad faith.

Ms. Lynch claims that Mr. Adelman failed to formally designate her with the United States Office of Personnel Management for benefits under his retirement program and therefore, the court did not err in ordering him to make the assignment.

■ Here, the order, which is unaccompanied by findings of fact or conclusions of law, directs Mr. Adelman to formally assign to Ms. Lynch her portion of the retirement benefits by a certain date. We note that this order could constitute either an enforcement or a modification of a previous order. This court and the Utah Supreme Court have reversed and remanded cases where findings were inadequate to support the conclusions. *See, e.g., Sanderson v. Tryon*, 739 P.2d 623, 626–27 (Utah 1987); *Smith v. Smith*, 726 P.2d 423, 426 (Utah 1986); *Marchant v. Marchant*, 743 P.2d 199, 203 (Utah App.1987). "In *all* actions tried upon the facts ... the court *shall* find the facts specially and state separately its conclusions of law thereon[.]" Utah R.Civ.P. 52(a) (emphasis added). Without findings of fact and conclusions of law, we do not know if the court intended to modify its existing order to include a requirement of assignment where no such requirement previously existed. In such a case, findings and conclusions would indicate whether the court found a substantial and material change in circumstances not contemplated in the original decree. *Bailey v. Adams*, 798 P.2d 1142, 1144 (Utah 1990). On the other hand, if this is an enforcement proceeding, findings and conclusions would have indicated whether the court concluded that the amended decree contemplated an assignment requirement, and whether or not Mr. Adelman met that requirement. Absent findings and conclusions we simply cannot effectively review the order. We therefore remand the issue of assignment of retirement benefits for the court to

make findings of fact and conclusions of law.[1]

## MEDICAL AND DENTAL EXPENSES

Mr. Adelman claims that the court erred in ordering him to pay one-half of the children's medical and related expenses incurred since 1982 because the decree did not require such payments, and therefore the court had no power to retroactively modify the decree. He claims that the court also erred in ordering him to pay one-half of all future unreimbursed medical and dental expenses because such an order would be a modification, and therefore inappropriate on an order to show cause.

Ms. Lynch contends that, because the decree was silent on the issue of responsibility for uninsured expenses, the court was within its discretion in ordering the parties to equitably share in those expenses.

Again, absent findings and conclusions, we do not know whether the court concluded that the award of child support in the amended decree took into consideration the fact that Ms. Lynch would be paying all uninsured expenses, or whether the court in its order was making amends for the fact that the amended decree failed to account for those expenses. In the former case, a modification would be in order if a change in circumstances were established. In the latter case, Ms. Lynch should have timely moved to amend or to set aside the decree pursuant to Utah R.Civ.P. 59 or 60.

■ In neither event did the court have jurisdiction or grounds to modify, amend, or set aside the amended decree. In the case of modification, there was no service pursuant to Utah Code Jud.Admin. R6–404 and Utah R.Civ.P. 4, nor was there a finding as to changed circumstances. In the case of an amendment or a setting aside, Ms. Lynch did not timely file for such an amendment or a setting aside, pursuant to Utah R.Civ.P. 59 or 60, nor was

there a finding or conclusion on the requisite grounds, pursuant to those same rules. Because of the lack of jurisdiction and grounds, we reverse the portion of the order requiring Mr. Adelman to pay one-half of all future unreimbursed medical and dental expenses.

■ We next consider the portion of the order requiring Mr. Adelman to pay one-half of the unreimbursed medical and dental expenses of the children incurred since 1982. Utah Code Ann. § 30–3–10.6(2) (1989), the section in effect the date the order was entered, provided that an order of support may be modified only from the date notice of the petition for modification was given to the responding party. Because the order purports to retroactively modify Mr. Adelman's support obligations, we reverse that portion of the court's order.

## EQUITY IN THE MARITAL HOME

■ Mr. Adelman claims the court erred in failing to award him statutory interest on his fixed equity in the marital home from the date of Ms. Lynch's remarriage up to the present. He also claims that the court erred in allowing Ms. Lynch to withhold payment of his equity until such time as he should comply with other portions of the order.

Ms. Lynch contends that the court did not err because interest does not accrue on an equitable lien not reduced to judgment. She also claims that the court acted equitably in light of Mr. Adelman's failure to pay alimony.

The amended decree awarded Ms. Lynch the parties' home, and ordered her to assume the existing $20,228 obligation. Mr. Adelman was awarded an equity in the home of $34,636, payable upon a number of events, including Ms. Lynch's remarriage. Upon Ms. Lynch's remarriage, Mr. Adelman was to receive that amount "less costs of resale or refinancing ... which costs are to be borne equally with [Ms. Lynch]."

---

1. Here, not only are findings and conclusions absent, but appellant has failed to marshal the evidence.

The order acknowledged Mr. Adelman's equity. However, it ordered his equity to be offset by the judgment for back alimony and for unreimbursed medical and related expenses awarded to Ms. Lynch in the same order. The court ordered that the remainder of Mr. Adelman's equity not be disbursed "until such time as he demonstrates compliance with the terms of this Order." The court also ordered that Mr. Adelman's interest on the equity would not accrue until such time as he fully complies with the order.

As to the offsets and the withholding of the lien, we have determined that, with the exception of the alimony arrearages which are not being appealed, all other portions of the order should be vacated, reversed, or remanded. Therefore, Mr. Adelman's receipt of his equity should not be contingent upon his compliance with the order. And, because we reversed the order requiring him to pay unreimbursed medicals, neither should his equity be offset by that amount. Moreover, having substantially complied with all portions of the order not reversed, vacated, or remanded, Mr. Adelman is entitled to interest as of the date the order was entered. However, because Mr. Adelman acknowledges in his brief that his alimony arrearages, plus interest, constitute a legitimate deduction, we affirm that his equity may be offset accordingly. We therefore affirm an offset on Mr. Adelman's portion of the equity equal to his alimony arrearages, plus ten percent interest, as set forth in the court's order, and we reverse the portion of the order staying the accrual of interest.

## ATTORNEY FEES

■ Mr. Adelman claims that the court erred in awarding Ms. Lynch $1,000 in attorney fees because the court made no finding of need and because her counsel's affidavit was defective and improper.

Ms. Lynch claims that the award was proper because it was an enforcement proceeding, and because the court granted virtually all the relief she requested.

In divorce actions, an award of attorney fees must be supported by evidence that the amount awarded was reasonable and that the party receiving the award was reasonably in need. Relevant factors of reasonableness include the necessity of the number of hours dedicated, the reasonableness of the rate charged in light of the difficulty of the case and the result accomplished, and the rates commonly charged for divorce actions in the community.

*Porco v. Porco,* 752 P.2d 365, 368 (Utah App.1988) (citations and quotations omitted). Again, because the court made no findings, we do not know whether the court based its judgment on the relevant factors of reasonableness and need. We therefore reverse and remand the issue of attorney fees for the court to make findings on the relevant factors, and to make such adjustments as are necessary, including refunding fees already paid, if necessary.

## ATTORNEY FEES ON APPEAL

■ Ms. Lynch, relying on Utah Code Ann. § 30-3-5(7) (1989) requests an award of costs and attorney fees incurred on appeal. The section cited refers to petitions for modification of child custody or visitation brought in the district court without merit and not asserted in good faith. Because this section does not apply to the present case, we do not award Ms. Lynch fees and costs on appeal.

## CONCLUSION

In conclusion, (1) we vacate Ms. Lynch's award of a survivorship annuity and instruct the court to dismiss that portion of the order; (2) we refrain from addressing what rights may be reinstated in the event Ms. Lynch's current marriage should end; (3) we remand the issue of assignment of retirement benefits for the court to make findings of fact and conclusions of law; (4) we reverse Mr. Adelman's obligation to pay one-half of all future unreimbursed medical and dental expenses; (5) we reverse his obligation to pay future medical and related expenses; (6) we affirm an offset on Mr. Adelman's portion of the equity equal to his alimony arrearages, plus ten percent interest from the date each payment be-

came due and payable, as described in the court's order; (7) we reverse the stay of the accrual of interest and affirm his right to interest from the entry of the order; (8) we reverse and remand the award of attorney fees to Ms. Lynch for the court to make findings on the relevant factors and to make any adjustments as are necessary, including refunding fees already paid, if necessary; and (9) we award no fees and costs on appeal.

Affirmed in part, reversed in part, remanded in part, and vacated in part.

BENCH and RUSSON, JJ., concur.