2004 UT App 254

**Collins C. NELSON, Petitioner and Appellant,**

v.

**Sharon B. NELSON, Respondent and Appellee.**

**No. 20040148–CA.**

Court of Appeals of Utah.

July 29, 2004.

Lisa A. Jones and William G. Wilson, Scalley & Reading, Salt Lake City, for Appellant.

Amy E. Hayes, Dart, Adamson, Donovan & Hanson, Salt Lake City, for Appellee.

Before BENCH, Associate P.J., GREENWOOD, and ORME, JJ.

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 Collins C. Nelson (Husband) appeals from the denial of his petition to modify the divorce decree to terminate his alimony obligation. Sharon B. Nelson (Wife) moves for summary affirmance, and Husband moves for summary reversal.

¶ 2 "The court has continuing jurisdiction to make substantive changes and new orders regarding alimony based on a substantial material change in circumstances not

foreseeable at the time of the divorce." Utah Code Ann. § 30–3–5(8)(g)(i) (Supp.2003) (formerly section 30–3–5(7)(g)(i)). "To succeed on a petition to modify a divorce decree, the moving party must first show that a substantial material change of circumstances has occurred since the entry of the decree and not contemplated in the decree itself." *Bolliger v. Bolliger*, 2000 UT App 47, ¶ 11, 997 P.2d 903 (quotations, citations and emphasis omitted).

¶ 3 The district court found that the claimed "material change of circumstances upon which the Petition is based is [Husband's] claim to entitlement to retire." The district court further found:

> Based upon the evidence regarding retirement assets and income versus present income, if [Husband] retired prior to the filing of the Petition to Modify, he would meet the requirement for a change of circumstances, but might not get the requested relief from the Court, which in turn may result in his inability to pay ongoing, unchanged alimony. On the other hand, if [Husband] cannot petition the Court for a modification based on [prospective] retirement, he may never be able to afford financially to retire.

¶ 4 After making findings on Husband's present income, expenses, and projected retirement income, and on Wife's present income and expenses, the court found that Wife did not provide evidence as to the total amount of her anticipated monthly retirement benefits, but also found that Wife would "need to work at least six (6) more years to maximize her retirement benefits." The court concluded that Wife's "inability or unwillingness to provide information about her anticipated retirement benefits significantly impacts [Husband's] ability to show that eliminating alimony after his retirement will be fair and appropriate." However, the court further concluded that "even if [Husband's] planned retirement occurs, the changes [under] the *Jones*[1] analysis are insufficient to warrant modification of the alimony award of $400.00 per month to [Wife] at the present time."

¶ 5 It is undisputed that Husband had not retired at the time he filed the petition to modify, nor at the time of the district court's decision on the Petition. Accordingly, we conclude that the issues presented by this appeal are not ripe for judicial determination. The Utah Supreme Court articulated the "doctrine of ripeness for adjudication" in *Redwood Gym v. Salt Lake County Commission*, 624 P.2d 1138, 1148 (Utah 1981), where it stated:

> It has been previously observed that this court does not render advisory opinions. One application of this principle is the doctrine of ripeness for adjudication. In order to constitute a justiciable controversy, a conflict over the application of a legal provision must have sharpened into an actual or imminent clash of legal rights and obligations between the parties thereto. Where there exists no more than a difference of opinion regarding the hypothetical application of a piece of legislation to a situation in which the parties might, at some future time, find themselves, the question is unripe for adjudication.

*Id.*

¶ 6 We applied this ripeness analysis to proceedings to modify a divorce decree in *Adelman v. Adelman*, 815 P.2d 741 (Utah Ct.App.1991). In *Adelman*, the wife obtained a ruling on her petition to modify, which granted her survivorship benefits under her former husband's retirement. However, it was undisputed that the wife had remarried before reaching the age of fifty-five, which made her ineligible for survivorship benefits under the decree. *Id.* at 743–44. Therefore, her claim was moot. *Id.* at 744. Nevertheless, the wife contended "that any rights she may have had in the annuity could be reinstated upon her current marriage ending in divorce, annulment, or widowhood." *Id.* Thus, she argued that the court should not dismiss the appeal and should instead "affirm those inchoate rights." *Id.* We disagreed, concluding that under *Redwood Gym*, the issue was "inappropriate for appellate review because it is not ripe." *Id.* Accordingly, we refrained "from addressing what rights may be reinstated in the

---

1. *Jones v. Jones,* 700 P.2d 1072 (Utah 1985).

event [the wife's] current marriage should end." *Id.*

¶ 7 Husband in this case had not changed his employment status before filing his petition to modify and sought modification based only upon his "turn[ing] sixty-five (65) years of age within a month after the Petition was filed." The district court took "judicial notice of the fact that many employees and employers expect retirement to occur at age sixty-five (65)." Because Husband had not retired at the time the petition was filed, or at the time the district court entered its decision, the petition was not ripe for judicial determination on its merits. Stated in other terms, the petition did not demonstrate that it was based upon an actual "substantial material change in circumstances." Utah Code Ann. § 30–3–5(8)(g)(i). Because the petition did not present an "actual or imminent clash of legal rights and obligations," determination on the merits was premature. *Adelman,* 815 P.2d at 744. Our affirmance of the dismissal of Husband's petition is limited to our conclusion that because Husband has not in fact retired, the case presented no issue ripe for judicial determination.

¶ 8 Husband's cross-motion for summary reversal is based upon an error in recording the evidentiary hearing that made a complete transcript unavailable. He contends that this unavailability alone requires a new trial. If the resolution of this case required an analysis of the financial positions of the parties, and assuming an agreed upon statement on appeal could not be obtained, *see* Utah R.App. P. 11(g), the lack of a complete transcript would effectively prevent appellate review. However, given the undisputed fact that Husband had not retired when he filed the petition, or at the time of the decision, lack of a complete transcript does not prevent resolution of this appeal, and we deny the motion for summary reversal.

¶ 9 We affirm the dismissal of the petition based on our determination that the petition to modify was not ripe for judicial determination. Because Wife was awarded her costs and attorney fees below, we remand to the district court for an award of costs and attorney fees reasonably incurred by Wife on appeal. *See Childs v. Childs,* 967 P.2d 942, 947 (Utah Ct.App.1998) ("In divorce proceedings, when the trial court has awarded attorney fees below to the party who then prevails on the main issues on appeal, we generally award fees on appeal.").