2011 UT App 372

**Clyde W. STEVENS, Plaintiff and Appellee,**

v.

**James Dean WALL, Defendant and Appellant.**

**No. 20110446–CA.**

Court of Appeals of Utah.

Oct. 27, 2011.

James Dean Wall, Kaysville, Appellant Pro Se.

Randall T. Gaither, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## DECISION

PER CURIAM:

¶1 James Dean Wall appeals the trial court's order granting summary judgment in favor of Clyde W. Stevens. This is before the court on Stevens's motion for summary disposition asserting the lack of a substantial question for review.[1] Wall has not responded to the motion. We affirm.

¶2 Stevens filed a motion for summary judgment in the trial court in August 2010. Wall did not respond to the motion. Noting that the motion was unopposed and that the facts were therefore deemed admitted, and finding that Stevens was entitled to relief as a matter of law, the trial court granted the motion for summary judgment without hearing in September 2010. After a final order was entered, Wall appealed the grant of summary judgment.

¶3 Generally, this court will not consider arguments on appeal that were not raised in the trial court. *See Olson v. Park–Craig-Olson, Inc.,* 815 P.2d 1356, 1358 (Utah Ct. App.1991) (declining to consider arguments not raised in the trial court in opposition to summary judgment). Rather, to preserve an issue for appeal, "the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.,* 2004 UT 72, ¶51, 99 P.3d 801. Issues that are not raised before the trial court are deemed waived. *See id.*

¶4 In this case, Wall failed to oppose the summary judgment motion in the trial court. He did not raise any challenge to the motion below. As a result, he has waived the challenge to the summary judgment on appeal. *See id.* Accordingly, there is no substantial

---

1. Although the motion was not timely filed under rule 10 of the Utah Rules of Appellate Procedure, because the motion is clearly meritorious, we suspend the time limitation and address the motion. *See Bailey v. Adams,* 798 P.2d 1142 (Utah Ct.App.1991).

question for review warranting further consideration by this court.

¶ 5 Affirmed.[2]

---

2. Stevens requests attorney fees. However, he provides no basis for an award of fees in this case. Accordingly, the request is denied.