**2015 UT App 102**

## THE UTAH COURT OF APPEALS

SECURITY NATIONAL LIFE INSURANCE COMPANY,
Plaintiff and Appellee,
*v.*
SALINA BRUNSON AND *RALAND BRUNSON*,
Defendants and *Appellant.*

Per Curiam Decision
No. 20141150-CA
Filed April 23, 2015

Third District Court, West Jordan Department
The Honorable Bruce C. Lubeck
No. 120412469

Raland Brunson, Appellant Pro Se

Jeffrey R. Stephens and Matthew G. Bagley,
Attorneys for Appellee

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS, and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1    Raland Brunson appeals the summary judgment in favor of Security National Life Insurance Company (SNLIC) that awarded a deficiency judgment following a nonjudicial foreclosure.[1] This case is before the court on SNLIC's motion for

---

1. Salina and Raland Brunson filed a notice of appeal in this case shortly after Salina Brunson filed a bankruptcy petition. The United States Bankruptcy Court (1) granted relief from the automatic stay for the purpose of allowing SNLIC to defend itself in this appeal, (2) clarified that the automatic stay had never applied to claims against Raland Brunson, and (3) stated that relief from the automatic stay was subject to any discharge

(continued…)

summary disposition. We grant the motion and affirm the deficiency judgment.

¶2 Contrary to Brunson's assertion, the motion for summary disposition is properly before this court because it was filed after the United States Bankruptcy Court granted relief from the automatic stay to allow SNLIC to defend itself on appeal. Furthermore, a motion for summary disposition that is clearly meritorious supports a suspension of the time limitation contained in rule 10 of the Utah Rules of Appellate Procedure. *Bailey v. Adams*, 798 P.2d 1142, 1143 (Utah Ct. App. 1990) (per curiam).

¶3 "Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Basic Research, LLC v. Admiral Ins. Co.*, 2013 UT 6, ¶ 5, 297 P.3d 578 (citing Utah R. Civ. P. 56(c)). "We review the trial court's summary judgment for correctness, considering only whether the trial court correctly applied the law and correctly concluded that no disputed issues of material fact existed." *Hermansen v. Tasulis*, 2002 UT 52, ¶ 10, 48 P.3d 235.

¶4 There are no genuine issues material to whether Brunson applied for and received a loan from SNLIC's predecessor-in-interest. The district court also determined that the fact that Wells Fargo Bank's name appeared on the note did not create a material issue of fact, because the records produced during the case demonstrated that Wells Fargo declined to purchase the note on the secondary market and returned it to SNLIC's

---

(…continued)

that might be entered in Salina Brunson's bankruptcy proceeding. Salina Brunson later received a discharge. SNLIC asserts claims only as to Raland Brunson.

predecessor. The district court correctly determined that Brunson's claim that Wells Fargo rather than SNLIC owned the note was unsupported by anything other than speculation. There is thus no genuine dispute that at all times relevant to this case, either SNLIC or its predecessor held the note.

¶5     Brunson's legal claims that SNLIC's purchase of the property at the trustee's sale by a credit bid is not legal or that a credit bid is not a valid bid lack merit. In *Thomas v. Johnson*, 801 P.2d 186 (Utah Ct. App. 1990), we stated that a credit bid made by the beneficiary of a trust deed is a valid bid at a trustee's sale. *Id.* at 188 n.1; *see also Green v. United States*, 434 F. Supp. 2d 1116, 1124 (D. Utah 2006) (stating that under Utah law, a credit bid is "a lawful irrevocable bid for the real property" and "[t]he credit bid did not require that money actually change hands"). Similarly, Brunson's claim that SNLIC could not seek a deficiency while also retaining possession of the property purchased at the trustee's sale is contrary to the governing statute, which allowed SNLIC to recover "the amount by which the amount of the indebtedness with interest, costs, and expenses of sale, including trustee's and attorney's fees, exceeds the fair market value of the property as of the date of the sale." Utah Code Ann. § 57-1-32 (LexisNexis 2010). Finally, Brunson's claim that the collateral source rule bars any recovery of a deficiency because SNLIC received partial payment from a mortgage insurer is an incorrect statement of law. *See Pioneer Builders Co. of Nev., Inc. v. KDA Corp.*, 2012 UT 74, ¶ 84, 292 P.3d 672 ("Under the collateral source rule, a wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source." (citation and internal quotation marks omitted)). In addition, SNLIC reduced the claimed deficiency by the amount of that insurance payment. Accordingly, there was no double recovery, as Brunson claims.

¶6    We agree with the district court that Brunson failed to raise any genuine issue of material fact regarding the calculation of the deficiency. First, Brunson's calculations incorrectly allocated the total amount of his mortgage payments toward the loan principal, although those payments included a relatively small amount of principal, along with interest, escrow amounts, and mortgage insurance premiums passed on to a third-party insurer. Second, Brunson's claim that an online "Zillow" search on a completely different property demonstrated a greater fair market value for his property was properly rejected as both irrelevant and untimely. In a June 17, 2014 ruling and order, the district court determined a fair market value of $190,000.00, based upon the only competent evidence of fair market value in the form of an appraisal submitted to the district court by SNLIC. Brunson failed to provide any timely evidence to support his valuation claims.

¶7    Finally, all of Brunson's remaining arguments on appeal lack merit. Specifically, the argument that a summary judgment cannot be granted if its effect would be to deny a requested jury trial is without merit. Similarly, there is no demonstration in the record before us that the district court failed to appropriately construe the evidence in the nonmoving parties' favor, where Brunson's purported issues of fact were based upon conjecture, speculation, mathematical error, or unsupported legal claims. Accordingly, we affirm.

―――――――――