2010 UT App 393

**JoAnn SELLERS, Petitioner, Appellant, and Cross-appellee,**

v.

**Glen Ray SELLERS, Respondent, Appellee, and Cross-appellant.**

**No. 20090518.**

Court of Appeals of Utah.

Dec. 30, 2010.

David J. Friel, South Jordan, for Appellant and Cross-appellee.

John Walsh, Salt Lake City, for Appellee and Cross-appellant.

Before Judges McHUGH, ORME, and VOROS.

MEMORANDUM DECISION

ORME, Judge:

¶1 On appeal, petitioner JoAnn Sellers alleges that the trial court erred by entering a custody order without examining the best interests of the child and based upon an improper recommendation of the custody evaluator; by determining that joint legal custody was in the best interests of the child in the absence of a parenting plan; and by entering confusing and inconsistent findings regarding parent time and the child's overnight stays with each parent. We readily agree with respondent Glen Ray Sellers that JoAnn failed to preserve these three issues for appeal, and consequently, we decline to address them further. *See* Utah R.App. P. 24(a)(5)(A)–(B).

¶2 Additionally, JoAnn argues that the trial court erred in determining that "[n]either party is awarded any alimony from the other, either now or in the future." Although preserved below, this issue, as briefed and argued, is limited to whether alimony is barred forever. With respect to this issue, we need only observe that the trial court lacks the authority to override the alimony modification statute, *see* Utah Code Ann. § 30–3–5(8)(g) (2007) (providing that the trial court retains jurisdiction to modify alimony awards based upon a "substantial material change in circumstances not foreseeable at the time of divorce"), and therefore, we conclude that the statutory modification rights of the parties remain wholly intact notwithstanding the language in the divorce decree to the contrary.

¶3 Further, JoAnn contends that the trial court erred by determining that Glen owed no alimony to JoAnn and in failing to calculate Glen's ability to pay. Initially, we note that although JoAnn's objection regarding alimony in general was preserved, there was no objection made regarding the inadequacy of the factual findings per se. And we agree with Glen that unless the court determines that the party seeking alimony has insufficient income to meet his or her own needs, there is no occasion to consider the other section 30–3–5(8)(a) alimony factors. *See Olson v. Olson,* 2010 UT App 22, ¶21, 226 P.3d 751 (" '[R]egardless of the payor spouse's ability to pay more, the [recipient] spouse's demonstrated need must . . . constitute the maximum permissible alimony award.' ") (alterations and omission in original) (citation omitted), *cert. denied,* 238 P.3d 443 (Utah 2010). *See also* Utah Code Ann. § 30–3–5(8)(a). *Cf. Jensen v. Jensen,* 2008 UT App 392, ¶13, 197 P.3d 117 ("[S]imply 'attempting to equalize the parties' income[,] rather than going through the traditional needs analysis,' is an abuse of discretion.") (second alteration in original) (citation omitted). Income equalization, as imposed by the courts in divorce proceedings, is perhaps better described as "equalization of poverty." In other words, the courts will equalize the incomes of the parties only in those situations in which one party does not earn enough to cover his or her demonstrated needs and the other party does not have the ability to pay enough to cover those needs. *See Jensen,* 2008 UT App 392, ¶13, 197 P.3d 117. *See also Bingham v. Bingham,* 872 P.2d 1065, 1068 (Utah Ct.App.1994) ("[W]e agree with defendant that the court should not have awarded plaintiff more than her established needs required, regardless of defendant's ability to pay[.]"). According to the factual findings in this case, JoAnn earns sufficient income to meet her identified financial needs as found by the trial court. Therefore, no award of alimony to JoAnn is necessary, regardless of Glen's ability to pay.

¶4 JoAnn's real concern here, it appears, is that the factual findings are inadequate. However, as stated previously, JoAnn failed to preserve that issue below. *See 438 Main Street v. Easy Heat, Inc.,* 2004 UT 72, ¶51, 99 P.3d 801 (" '[I]n order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue.' ") (alterations in original) (citation omitted). Indeed, a party " 'waive[s] any argument regarding whether the district court's findings of fact were sufficiently detailed' when the [party] fails to challenge the detail, or adequacy, of the findings with the district court." *In re K.F.,* 2009 UT 4, ¶60, 201 P.3d 985 (first alteration in original) (quoting *438 Main Street,* 2004 UT 72, ¶56, 99 P.3d 801). *See id.* ¶¶60–64 (reaffirming the Utah Supreme Court's holding in *438 Main Street*). Thus, JoAnn waived this issue by failing to object to the trial court's findings.

¶5 Moreover, we agree with Glen that any alleged error in the factual findings is invited error attributable to JoAnn. *See State v. Brown,* 948 P.2d 337, 343 (Utah 1997) (" '[I]f a party through counsel has made a conscious decision to refrain from objecting or has led the trial court into error, we will then decline to save that party from the error.' ") (alteration in original) (emphasis and citation omitted). *See also State v. Dunn,* 850 P.2d 1201, 1220 (Utah 1993) (stating that the invited error doctrine "discourages parties from intentionally misleading

the trial court so as to preserve a hidden ground for reversal on appeal"). JoAnn's counsel prepared the factual findings and decree of divorce that were ultimately entered, and it appears from the record that many more facts based on the evidence could have been—but were not—included in the findings. Thus, because JoAnn is responsible for any inadequacy in the trial court's findings of fact, her contention must fail.[1]

¶6 On cross-appeal, Glen argues that the trial court erred by miscalculating the amount of child support he owed. In reviewing Glen's contention, we make two observations. First, Glen simply will not be heard to argue, as he does, that the minor discrepancies in the trial court's findings are irrelevant in the context of JoAnn's arguments concerning visitation and custody, yet of momentous concern in the context of his cross-appeal. Second, JoAnn points out, and we agree, that Glen fails to adequately marshal the evidence with respect to the findings underlying the trial court's child support calculation. *See* Utah R.App. P. 24(a)(9) ("A party challenging a fact finding must first marshal all record evidence that supports the challenged finding."); *Chen v. Stewart*, 2004 UT 82, ¶76, 100 P.3d 1177 ("In order to challenge a court's factual findings, 'an appellant must first marshal all the evidence in support of the finding and then demonstrate that the evidence is legally insufficient to support the finding even when viewing it in a light most favorable to the court below.'") (citation omitted). *See also Kimball v. Kimball*, 2009 UT App 233, ¶¶20–21 & n. 5, 217 P.3d 733 (explaining the challenging party's marshaling burden). Here, the trial court determined that Glen was required to pay $729.26 per month in child support. Glen suggests otherwise, stating that his child support obligation should instead be $485.56 per month. Glen supports his claim by detailing the number of "overnights" that he will spend with his child on an annual basis and calculating the amount of child support based on that number. Yet, as indicated, Glen wholly fails to marshal the evidence utilized by the trial court in reaching the conclusion with which he takes exception, i.e., that he owes $729.26 per month in child support. Because Glen fails to marshal the evidence in the first place, he is accordingly unable to "demonstrate that the evidence is legally insufficient to support the finding." *Chen*, 2004 UT 82, ¶76, 100 P.3d 1177. Therefore, having failed to meet his threshold burden, we reject Glen's argument that his monthly child support payment should be $485.56.

¶7 Moreover, Glen alleges that the trial court erred in failing to consider future tax consequences when balancing the equities in the division of marital property. In particular, Glen claims that the division of property is not really equal because, given that his property is tied up in retirement accounts, the primary asset granted him by the court will be taxed at a rate up to 38% upon withdrawal. However, we believe JoAnn's response to this argument is well taken: The dire tax consequences that Glen alleges are speculative, assuming massive withdrawals from his retirement accounts triggering tax obligations and penalties. Given the speculative nature of Glen's claims and the myriad situations in which the value of Glen's *and* JoAnn's property might be positively or negatively affected in the future, we also reject this claim made by Glen.

¶8 Given the foregoing, we affirm the decision of the trial court as to all of JoAnn's claims on appeal, except that we reiterate that the parties retain their statutory modification rights with respect to future alimony. The language in the divorce decree to the contrary is a nullity. And we reject Glen's arguments on cross-appeal.

¶9 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge, and J. FREDERIC VOROS JR., Judge.

---

1. As previously discussed, the income of the party from whom alimony is sought is irrelevant as long as the party seeking alimony earns sufficient to meet his or her needs, *see Jensen v. Jensen*, 2008 UT App 392, ¶13, 197 P.3d 117. And JoAnn's current income is sufficient to meet her asserted financial needs. Accordingly, we need not address JoAnn's claim that Glen's post-divorce savings and retirement income should be considered by the court in calculating alimony.