2008 UT 57

**Kynda Kay RICHARDSON, Respondent,**

v.

**Kenneth Andrew RICHARDSON, Petitioner.**

No. 20070578.

Supreme Court of Utah.

Aug. 19, 2008.

Rehearing Denied Jan. 7, 2009.

Scott L. Wiggins, Joseph Lee Nemelka, Salt Lake City, for respondent.

J. Bruce Reading, Jonathan H. Rupp, Salt Lake City, for petitioner.

WILKINS, Justice:

¶ 1 We granted certiorari to determine whether the court of appeals was correct in affirming the prospective increases in alimony made by the district court in the alimony order. We hold that the court of appeals was correct, and that the prospective increas-

es in alimony were within the district court's discretion.

## BACKGROUND

¶ 2 In 2003, Respondent Kynda Kay Richardson filed for divorce from Petitioner Kenneth Andrew Richardson. At trial, the district court awarded Respondent physical custody of the couple's four minor children. Respondent was also awarded the statutorily mandated amount of $1374 per month in child support payments, with Petitioner's obligation to pay ceasing as each minor child reached the age of eighteen or graduated from high school. The district court also awarded Respondent $420 per month in alimony.

¶ 3 In addition, the district court ruled that as each minor child reached majority—and Petitioner's child support obligation therefore ceased as to that child—Petitioner's alimony obligation was to increase by $100 per month. Petitioner appealed to the court of appeals, arguing that a prospective increase in alimony constituted an abuse of discretion by the district court. He also argued that the decision amounted to child support for his adult children masquerading as alimony.

■ ¶ 4 On appeal, the court of appeals reviewed the district court's decision and determined there was no abuse of discretion. We granted certiorari to determine whether the court of appeals erred in affirming the prospective increases in alimony.

## ANALYSIS

■ ¶ 5 "On a writ of certiorari, we review the decision of the court of appeals, not that of the [district] court. When reviewing a [district] court determination of alimony ... an appellate court reviews [it] for abuse of discretion." *Willey v. Willey,*

951 P.2d 226, 230 (Utah 1997) (citations omitted). A district court has broad discretion when deciding alimony awards. *See, e.g., Higley v. Higley,* 676 P.2d 379, 382 (Utah 1983).

■ ¶ 6 In making alimony determinations, a district court considers several factors, including: (1) the financial condition and needs of the recipient spouse, (2) the ability of the recipient spouse to produce sufficient income, and (3) the ability of the payor spouse to provide support.[1] *Jones v. Jones,* 700 P.2d 1072, 1075 (Utah 1985).

■ ¶ 7 Along with these factors, a district court also considers the primary aims of alimony when making an award: (1) to get the parties as close as possible to the same standard of living that existed during the marriage, *see* Utah Code Ann. § 30–3–5(8)(c) (Supp.2007); (2) to equalize the standards of living of each party, *see id.* § 30–3–5(8)(d); and (3) to prevent the recipient spouse from becoming a public charge, *English v. English,* 565 P.2d 409, 411 (Utah 1977).

¶ 8 The court of appeals correctly determined that, in making its alimony determination in this case, the district court did not exceed its permitted discretion. Instead, the district court properly considered the three factors in fashioning an alimony order that sought to achieve the stated goals. The amounts awarded, both before and after Petitioner's child support obligations ended, were arrived at after careful consideration of the appropriate factors and the stated aims.

¶ 9 Petitioner argues, however, that *any* prospective increase in alimony exceeds the district court's discretion.[2] In support, Petitioner cites to cases from the court of appeals where such prospective changes in alimony

---

1. A district court also examines other factors, including the length of the marriage and which spouse has custody of minor children, which are not relevant to our analysis. *See* Utah Code Ann. § 30–3–5(8)(a)(iv)–(vii) (Supp.2007).

2. Petitioner also argues, based upon certain language used by the district court, that the increases in alimony were actually intended to be child support for those children who had reached majority, but who were still living with Respondent.

It is well settled that a parent's child support obligation terminates when a child reaches majority, and alimony is not a substitute for child support. *See* Utah Code Ann. §§ 78B–12–102(6), –105(1) (2008). We do not find, however, that the district court intended the increased amount to be child support disguised as alimony, and accordingly do not address Petitioner's argument on this point.

orders have been held improper.[3] Petitioner argues that whether a change in the amount of alimony will be appropriate in the future should be left to the district court's continuing jurisdiction and should not be done speculatively.

¶ 10 Generally, it is true that, because of the uncertainty of future events, prospective changes to alimony are disfavored. Thus, a plan to retire, without actually retiring, would be insufficient to justify a prospective alimony reduction. *See Nelson v. Nelson*, 2004 UT App 254, ¶ 7, 97 P.3d 722. There are other contexts, however, where the certainty of the future event is such that prospective changes are appropriate. Where the future event is certain to occur within a known time frame, then prospective changes are appropriate.

¶ 11 The prospective increase in alimony here was based on such circumstances. Within a known time frame—each minor child reaching majority—Petitioner's child support obligations for each child will cease. These events are certain to take place on specified dates. The result of Petitioner's obligations ending is also certain: Petitioner's financial condition will have improved and Respondent's financial condition—which previously included the $1374 in child support payments—will have worsened. Because Petitioner's obligation to pay child support for each child is certain to end at a specified time, prospective changes to the amount of alimony based thereon are appropriate, and are within the district court's discretion to include in the alimony order.

## CONCLUSION

¶ 12 The court of appeals was correct in affirming the district court's alimony order, because the district court properly analyzed the appropriate factors and made a reasonable decision within its permitted discretion. Accordingly, we affirm.

**3.** *See, e.g., Nelson v. Nelson*, 2004 UT App 254, ¶ 7, 97 P.3d 722 (holding that a petition to change alimony based upon the husband's imminent retirement was not ripe because the planned retirement was not an "actual 'substantial material change in circumstances'" (quoting

¶ 13 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Judge PAGE concur in Justice WILKINS' opinion.

¶ 14 Justice NEHRING does not participate herein, District Judge RODNEY S. PAGE sat.

Utah Code Ann. § 30–3–5(8)(g)(i) (Supp.2003))); *Howell v. Howell*, 806 P.2d 1209, 1212 (Utah Ct.App.1991) ("[A]ny future changes in alimony are limited to instances where a material change of circumstances *has occurred*." (emphasis added)).