IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Tamara Turner Dobson, | ) | OPINION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20100455-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 28, 2012) |
| David C. Dobson, | ) | |
| | ) | 2012 UT App 373 |
| Respondent and Appellee. | ) | |

-----

Third District, Salt Lake Department, 084903358
The Honorable Anthony B. Quinn

Attorneys:     Randy S. Ludlow, Salt Lake City, for Appellant
               Harry Caston, Salt Lake City, for Appellee

-----

Before Judges McHugh, Roth, and Christiansen.

CHRISTIANSEN, Judge:

¶1      Tamara Turner Dobson (Wife) appeals the trial court's Decree of Divorce and Findings of Fact and Conclusions of Law, which awarded Wife physical and legal custody of the parties' two minor children and alimony for twenty years and two months. On appeal, Wife argues that the trial court abused its discretion in awarding the sum of $800 per month in alimony. We affirm in part, and reverse and remand in part.

BACKGROUND

¶2     David C. Dobson (Husband) and Wife married on May 6, 1989, and Wife filed a petition for divorce in July of 2008. During the marriage, the parties had three children. One child had reached her majority by the time of trial in July of 2009, and the other children were sixteen and fourteen years of age. At trial, the parties presented evidence on the following issues: the parties' incomes, the amount of child support and alimony, and whether $30,000 given to the parties by Husband's family was a gift or a loan. In terms of Husband's income, the trial court calculated Husband's gross monthly income at $9,927, after averaging the prior three years of his annual income, which included his base salary and supplemental grant income. After allowing for monthly deductions of $2,949, the trial court calculated Husband's net monthly income at approximately $6,350. In calculating Husband's net monthly income, the trial court made a mathematical error: Husband's net income should have been calculated at $6,978, rather than $6,350—a miscalculation of $628. Husband's monthly expenses, including his child support obligation of $1,582, totaled approximately $5,350. Based upon its error, the trial court incorrectly found that the difference between Husband's income and expenses totaled approximately $1,000.

¶3     In terms of Wife's income, the trial court determined that although she had a pay rate of approximately $10 per hour and earned $1,766 per month as a reservation agent for JetBlue Airways, she was underemployed and had work skills and a level of education that made her capable of earning a greater income than she what was earning at the time of trial. On the other hand, the trial court reasoned that it would be inappropriate to impute to Wife a higher income based on a level of skills she did not yet possess and that would require significant time to obtain. Thus, the trial court utilized the low end of the range testified to by an employability expert who opined that based upon the current labor market, Wife's immediate starting salary could be expected to be between $29,830 and $32,480 per year. Accordingly, the trial court imputed a gross monthly income to Wife of $2,500.

¶4     The trial court found that Wife's net monthly income, including her salary, child support, and dividend income from an inheritance, totaled approximately $3,962. After reducing Wife's claimed expenses by approximately $1,200, the court calculated Wife's monthly expenses, including those related to the parties' two minor children, at approximately $4,716. The shortfall between Wife's income and expenses was

approximately $750 per month. Ultimately, the court awarded Wife $800 per month in alimony for a period equal to the length of the marriage.

¶5    The trial court issued its Findings of Fact and Conclusions of Law on August 6, 2009. After trial, Wife filed a motion for a new trial and to amend findings and an objection to the proposed decree of divorce. In her motion, Wife argued that the trial court erred when it failed to equalize the parties' standards of living and in using the child support payment received by Wife in its alimony determination. The trial court heard and denied Wife's motion for a new trial on October 9, 2009, and entered an Amended Decree of Divorce on April 28, 2010. Wife appeals.

ISSUES AND STANDARD OF REVIEW

¶6    The overarching issue on appeal is whether the trial court abused its discretion in awarding Wife only $800 in monthly alimony. Specifically, Wife argues that the trial court abused its discretion in determining the amount of alimony when it (1) included child support and the children's expenses in calculating Wife's income and needs; (2) failed to consider Husband's increased ability to pay alimony once his child support obligation terminates when the parties' two minor children reach majority; (3) failed to "address the statutory requirement to equalize the parties' respective standards of living" in calculating Wife's reasonable needs based on the standard of living that she enjoyed during the marriage; and (4) incorrectly imputed additional income to Wife. Wife also argues that the trial court plainly erred in determining the amount of Husband's alimony award when the court made a "mathematical error that substantially reduced [Husband]'s disposable income." Finally, Wife claims that the trial court failed to make adequate findings of fact supporting its alimony award with regard to reducing Wife's monthly expenses and deductions.

¶7    Trial courts have broad latitude in determining whether to award alimony and in setting the amount. "We review a trial court's award of alimony for an abuse of discretion" and "will not disturb a trial court's ruling on alimony as long as the court exercises its discretion within the bounds and under the standards we have set and has supported its decision with adequate findings and conclusions." *Connell v. Connell*, 2010 UT App 139, ¶ 5, 233 P.3d 836 (citations and internal quotation marks omitted).

ANALYSIS

I. The Alimony Award

A. Determination of Wife's Income and Needs

¶8 Wife first argues that the trial court abused its discretion when it considered Husband's child support payment and the children's expenses in determining Wife's income and needs. The trial court included Husband's portion of the child support obligation, in the amount of approximately $1,582, as part of Wife's monthly income. Likewise, when determining Wife's needs, the court included all of the children's expenses as part of Wife's monthly expenses.

¶9 Wife argues that by including child support and the children's expenses in its alimony determination, the trial court effectively miscalculated her income and needs. By considering the child support payment that Wife was to receive from Husband as a part of her income, Wife contends that the trial court skewed the alimony determination against her and left her with too little alimony to enjoy the same standard of living that she did during the marriage or that Husband enjoyed. She also argues that by considering the children's expenses with her own, the court did not adequately consider her needs.

¶10 Wife asserts that child support represents income to the children, not to her and that the trial court's actions were without precedent. For example, she points to the fact that the applicable statute mandates the trial court's consideration of seven factors in its alimony determination, including "the financial condition and needs of the recipient spouse," as opposed to the needs of the recipient spouse's children, and "the recipient's earning capacity or ability to produce income," as opposed to the recipient spouse's children's earning capacity. *See* Utah Code Ann. § 30-3-5(8)(a) (LexisNexis Supp. 2012). Wife also cites *Williamson v. Williamson*, 1999 UT App 219, 983 P.2d 1103, in which this court noted that "the child support paid by Mr. Williamson to Ms. Williamson is earmarked for the parties' minor child and should not be considered as income to Ms. Williamson for purposes of calculating alimony." *Id.* ¶ 12; *see also Reick v. Reick*, 652 P.2d 916, 917 (Utah 1982) ("[T]he basic and unalienable right to child support . . . is vested in the minor.").

¶11   It is typically best practice for trial courts to analyze alimony without factoring in child support obligations. But here, we see no abuse of discretion in the trial court's inclusion of child support in its calculation of Wife's income for alimony purposes because Wife included the children's expenses in her financial declaration as part of her expenses. Where Wife included the children's expenses within her own, which certainly increased her monthly obligations, she cannot complain that the court included Husband's child support payment as part of her income. It is clear that the trial court took this balance into consideration, as indicated by its statement at the October 9, 2009 hearing on Wife's motion for a new trial. The trial court explained that its practice is to use the parties' financial declarations to determine their reasonable needs, which for the custodial parent typically includes the reasonable needs of the children. The court explained that in doing this, when the children reach majority age and child support ceases, the custodial parent's needs necessarily decrease commensurately with the cessation of support for each child. While we reiterate that child support and alimony are separate inquiries that should be considered separately, there was no abuse of discretion here because Wife combined her expenses with those of the children.

¶12   Moreover, *Williamson* is distinguishable because there is no indication in that case that the children's expenses were included in the custodial parent's financial declaration, as they were here. *See* 1999 UT App 219, ¶ 12. Although the *Willamson* court instructed the trial court on remand to omit the child support payments in determining the wife's income, there is no discussion in the decision regarding whether the children's expenses were part of the listed expenses in the custodial parent's financial declaration. *See id.* Here, because Wife's claimed expenses included those related to the children, the trial court did not abuse its discretion in likewise including the child support award in its calculation of Wife's income.

¶13   Whatever choice a trial court makes about alimony, it must explain its calculations and its consideration of the statutory factors in detailed factual findings. *See* Utah Code Ann. § 30-3-5(8) (listing the seven factors the trial court must consider in its alimony determination); *Connell v. Connell*, 2010 UT App 139, ¶ 12, 233 P.3d 836 ("[T]he trial court must make sufficiently detailed findings of fact . . . to enable a reviewing court to ensure that the trial court's discretionary determination was rationally based upon these . . . factors." (citation and internal quotation marks omitted)). Here, Wife chose to include the children's expenses in her financial declaration and did not distinguish between her expenses and the children's expenses at trial. The trial court entered findings regarding its calculation of Wife's expenses based upon the financial

declaration that Wife submitted to the court. Thus, the trial court did not abuse its discretion in considering the child support payments as income to Wife in determining alimony.

B. Determination of Husband's Income and Needs

¶14 Wife next argues that the trial court abused its discretion by failing to consider Husband's increased ability to pay alimony after his child support obligation ends when the children reach majority. Wife cites *Richardson v. Richardson*, 2007 UT App 222U (mem.), *aff'd*, 2008 UT 57, 201 P.3d 942, to support her argument that once child support terminates, Husband's income will increase while hers will decrease. In *Richardson*, the supreme court affirmed the trial court's decision to prospectively increase alimony upon the termination of child support. *See* 2008 UT 57, ¶ 11. Wife also contends that the trial court failed to consider section 30-3-5(8)(a)(iii) when determining Husband's ability to pay alimony by ignoring the fact that Husband's available income will increase upon the children's majority. *See* Utah Code Ann. § 30-3-5(8)(a)(iii) (stating that when determining alimony, the court shall consider "the ability of the payor spouse to provide support").

¶15 Given the financial declarations of the parties and the evidence submitted at trial, we cannot say that the trial court abused its discretion in not prospectively increasing the amount of alimony owed to Wife upon the children's majority. This is because with the termination of the child support obligation, Wife will also theoretically no longer incur the children's expenses. As the trial court explained at the October 9, 2009 hearing, by including the children's expenses as part of Wife's expenses in its assessment of Wife's needs, when the children reach majority age and child support ceases, the custodial parent's needs should simultaneously decrease commensurate with the cessation of child support.[1] *See supra* ¶ 11.

---

[1] The *Richardson* decision is not particularly helpful here because it does not contain any specifics about what, if any, child support expenses had been factored into the alimony determination before each child reached majority. *See Richardson v. Richardson*, 2007 UT App 222U (mem.), *aff'd*, 2008 UT 57, 201 P.3d 942. Also, significantly, though the supreme court affirmed the alimony award, it stated, "It is well settled that a parent's child support obligation terminates when a child reaches majority, and alimony is not a substitute for child support." *Richardson*, 2008 UT 57, ¶ 9

(continued...)

¶16    In addition, although the trial court must consider Husband's ability to pay alimony, and his ability to pay will increase once the children are of majority age, the trial court was also tasked with assessing Wife's needs. As Utah law instructs, "regardless of the payor spouse's ability to pay more, 'the [recipient] spouse's demonstrated need must . . . constitute the maximum permissible alimony award.'" *Jensen v. Jensen*, 2008 UT App 392, ¶ 13, 197 P.3d 117 (alteration and omission in original) (quoting *Bingham v. Bingham*, 872 P.2d 1065, 1068 (Utah Ct. App. 1994)); *see also Bingham*, 872 P.2d at 1068 ("Where the trial court has offered no explanation for such a discrepancy [of the alimony award which provided the wife with more than her illustrated expenses], we agree with defendant that the court should not have awarded plaintiff more than her established needs required, regardless of defendant's ability to pay this excess amount."). As a result, Husband's increased ability to pay alimony, alone, is not enough to warrant increased alimony unless Wife is able to show that her needs are not being met. The trial court reasoned that when the children reach majority age and child support ceases, although Wife's income will drop, so should her expenses. Wife did not present evidence at trial to contradict this proposition. Thus, the shortfall between Wife's needs and expenses, not any future increase in Husband's ability to pay, dictates the maximum allowable amount of alimony.

¶17    Wife also argues that the court's inclusion of the children's expenses when determining the custodial parent's needs and inclusion of the amount of child support received when determining the custodial parent's income is contrary to Utah law, pursuant to which both parents are obligated to provide child support for the children. Specifically, based on the parties' combined incomes (without factoring in child support), Wife was obligated to pay 16% of the total child support obligation and Husband was obligated to pay 84%. Wife's 16% portion amounted to approximately $287 and Husband's to approximately $1,511. However, because Wife is the custodial parent, Husband pays her approximately $1,511 for child support, and she does not pay him $287. Therefore, Wife argues, Husband's child support obligation does not provide for all of the children's expenses and should not be considered income.

¶18    However, Wife's argument again falls short because the trial court relied on Wife's financial declaration to determine her expenses for purposes of calculating alimony. That declaration included all of the children's expenses and not just

---

¹(...continued)
n.2 (citing Utah Code Ann. §§ 78B-12-102(6), -105(1) (LexisNexis 2008)).

Husband's percentage of those expenses. The trial court also considered Wife's earning potential, factoring the child support she would receive from Husband into that side of the equation. Thus, we agree that the court correctly considered the fact that both parents must provide support for their children.

C. Consideration of the Parties' Standards of Living

¶19    Wife next argues that the trial court abused its discretion when determining the alimony award because it failed to address the statutory requirement to equalize the parties' standards of living and to calculate Wife's needs based on the standard of living she enjoyed during the marriage.

¶20    "Trial courts have broad discretion in making alimony awards so long as they consider at least the . . . [seven factors set forth in Utah Code section 30-3-5(8)(a)(i)–(vii)]." *Jensen*, 2008 UT App 392, ¶ 9. But trial courts must also consider "the primary purposes of alimony: '(1) to get the parties as close as possible to the same standard of living that existed during the marriage; (2) to equalize the standards of living of each party; and (3) to prevent the recipient spouse from becoming a public charge.'" *Id.* (quoting *Richardson v. Richardson,* 2008 UT 57, ¶ 7, 201 P.3d 942); *see also* Utah Code Ann. § 30-3-5(8)(c) (LexisNexis Supp. 2012) ("As a general rule, the court should look to the standard of living, existing at the time of separation, in determining alimony in accordance with Subsection (8)(a). However, the court shall consider all relevant facts and equitable principles and may, in its discretion, base alimony on the standard of living that existed at the time of trial."); *id.* § 30-3-5(8)(d) ("The court may, under appropriate circumstances, attempt to equalize the parties' respective standards of living."). Where a trial court considered these factors, we will disturb its alimony award only if there is "a serious inequity . . . manifest[ing] a clear abuse of discretion." *Kelley v. Kelley,* 2000 UT App 236, ¶ 26, 9 P.3d 171 (citation and internal quotation marks omitted).

¶21    "[U]sually the needs of the spouses are assessed in light of the standard of living they had during marriage." *Bakanowski v. Bakanowski*, 2003 UT App 357, ¶ 12, 80 P.3d 153 (citation and internal quotation marks omitted). However, this court has previously cautioned that "'attempting to equalize the parties' income[,] rather than going through the traditional needs analysis,' is an abuse of discretion." *Jensen v. Jensen*, 2008 UT App 392, ¶ 13, 197 P.3d 117 (alteration in original) (quoting *Bakanowski,* 2003 UT App 357, ¶ 12). The traditional needs analysis is essential "because, regardless of the payor

spouse's ability to pay more, 'the [recipient] spouse's demonstrated need must . . . constitute the maximum permissible alimony award.'" *Id.* (alteration and omission in original) (quoting *Bingham v. Bingham,* 872 P.2d 1065, 1068 (Utah Ct. App. 1994)). Further, the court "*may,* under appropriate circumstances, attempt to equalize the parties' respective standards of living." Utah Code Ann. § 30-3-5(8)(d). The use of the word may in the statute indicates that a trial court's effort to equalize is discretionary.

¶22    Thus, the court should first assess the needs of the parties, in light of their marital standard of living. Here, if the court found that Wife was able to meet her own needs with her own income based upon the expenses she reasonably incurred, calculated upon the standard of living that she enjoyed during the marriage, then it should not award alimony. In contrast, if the court found that Wife was unable to meet her own needs with her own income, then it would assess whether Husband's income, after meeting his needs, is sufficient to make up some or all of the shortfall between Wife's needs and income. The court should undertake the last step "with an eye towards equalizing the parties' standards of living only if there is not enough combined ability to maintain both parties at the standard of living they enjoyed during the marriage." *Batty v. Batty,* 2006 UT App 506, ¶ 5, 153 P.3d 827. In other words,

> [i]ncome equalization, as imposed by the courts in divorce proceedings, is perhaps better described as 'equalization of poverty.' . . . [C]ourts will equalize the incomes of the parties only in those situations in which one party does not earn enough to cover his or her demonstrated needs and the other party does not have the ability to pay enough to cover those needs.

*Sellers v. Sellers,* 2010 UT App 393, ¶ 3, 246 P.3d 173; *see also Jensen,* 2008 UT App 392, ¶ 13; *Bingham,* 872 P.2d at 1068 ("[W]e agree with defendant that the court should not have awarded plaintiff more than her established needs required, regardless of defendant's ability to pay[.]").

¶23    Wife complains that the trial court's award of alimony "did not come close to equalizing the parties' standards of living or providing [her with] the standard of living she enjoyed during the marriage." She asserts that Husband's gross income is approximately 3.6 times higher than her own and complains that the trial court reduced her expenses without considering her standard of living during the marriage.

¶24    We find some merit in Wife's contentions. Regardless of Husband's greater income, the trial court was first obligated to assess Wife's needs in light of the parties' marital standard of living. At the October 9, 2009 hearing, the trial court correctly indicated that without a compelling and extraordinary reason, it could not award Wife more alimony than her established needs, regardless of Husband's ability to pay. In addition, at the hearing on Wife's motion for a new trial, the trial court again correctly explained that it did not equalize the parties' standards of living because their combined income was enough to maintain both parties' marital standard of living. The fact that the trial court, not accounting for the children's expenses, calculated Husband's expenses as being greater than Wife's does not necessarily mean that it assessed his needs, but not Wife's, in light of the marital standard of living. Instead, the court appears to have correctly assessed some of Husband's expenses as greater than Wife's because they are, in fact, greater. For example, Husband has a car payment and Wife does not because Wife was awarded her vehicle free of any debt. However, as set forth below, *see infra* ¶ 29, in reducing Wife's expenses without sufficient explanation, the trial court did not indicate whether it assessed Wife's needs in light of the parties' marital standard of living. Accordingly, we remand to the trial court for the entry of more detailed findings, and if it did not do so, for its assessment of Wife's needs in light of the marital standard of living.

D. Imputation of Additional Income to Wife

¶25    Wife next argues that the trial court abused its discretion by imputing additional income to her. "Because the trial court relied on evidence sufficiently detailed in its findings of fact in imputing income to [Wife], we hold that the court did not abuse its discretion by imputing income to [Wife], and we will not disturb the court's related findings." *See Willey v. Willey*, 914 P.2d 1149, 1152 (Utah Ct. App. 1996), *rev'd on other grounds*, 951 P.2d 226 (Utah 1997). Wife merely reargues her position from trial that she was not underemployed because she was fifty-three years old at the time of trial and had been out of the workplace for sixteen years. The trial court, however, entered detailed findings of fact explaining its determination that she was underemployed, including that she was formerly employed as a software engineer, that she is highly educated with a masters degree, and that, even though she has been out of the workforce for many years, her work skills and education make her capable of earning an income greater than her current income. The court also found, based on the employability expert's testimony, that Wife's salary could currently be between $29,830

and $32,480 and that with additional training she could earn between $46,370 and $58,400. Taking into account all of the above evidence and the fact that Wife had been out of the workplace for many years, the trial court imputed gross monthly income to Wife in the amount of $2,500. In light of the trial court's detailed findings of fact, we conclude that it did not abuse its discretion in imputing income to Wife.

## II. Mathematical Error

¶26    Wife next contends that the trial court made a significant mathematical error in computing Husband's disposable income. She admits that she did not raise this argument before the trial court and therefore argues that the trial court plainly erred. *See State v. Holgate,* 2000 UT 74, ¶ 11, 10 P.3d 346 (explaining that the preservation rule has two exceptions, one of which is plain error). Indeed, the trial court clearly made a mathematical error: Husband's net monthly income should have been calculated as $6,978, rather than $6,350, a miscalculation of $628 ($9,927 – $2,949 = $6,978). Given our determination below that the trial court did not adequately explain how it assessed and why it reduced Wife's monthly expenses, *see infra* ¶ 29, we remand to the trial court with instructions to remedy the mathematical error and reconsider its findings accordingly. While we recognize that increasing the amount available to Husband to pay alimony does not necessarily result in an increase in alimony, his income is relevant to the proper calculation of child support and may be implicated if Wife's expenses increase after remand.

## III. Reduction of Wife's Monthly Expenses

¶27    Finally, Wife challenges the adequacy of the trial court's findings of fact supporting its alimony award with regard to reducing Wife's expenses and monthly deductions. She argues that the trial court "aggressively" reduced her claimed monthly expenses without providing a sufficient rationale for those reductions, particularly as compared to its calculation of Husband's monthly expenses. Generally, "[t]o preserve an issue for appellate review, a party must first raise the issue in the trial court, giving that court an opportunity to rule on the issue." *Davis v. Davis*, 2011 UT App 311, ¶ 7, 263 P.3d 520 (alteration in original) (citation and internal quotation marks omitted). The preservation requirement gives the trial court "notice of the asserted error and allows for correction at that time in the course of the proceeding." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801.

¶28     Wife has not demonstrated that she notified the trial court of the alleged inadequacies in the detail of its findings of fact regarding its reduction of her expenses. Nevertheless, in assessing Wife's needs, we are unable to ascertain from the trial court's very limited findings whether it evaluated the reasonableness of Wife's expenses and assessed Wife's needs in light of the standard of living that the parties enjoyed during their marriage.

> Although this court generally will not review an unpreserved challenge to the adequacy of the trial court's findings, "where the inadequacy of the trial court's findings of fact and conclusions of law results in our inability to ascertain the basis of the trial court's decision, [we are] prevented from effectively reviewing the trial court's decision and may remand for the entry of more-detailed findings."

*Allen v. Ciokewicz*, 2012 UT App 162, ¶ 42, 280 P.3d 425 (quoting *Interstate Income Props., Inc. v. La Jolla Loans, Inc.*, 2011 UT App 188, ¶ 12, 257 P.3d 1073).

¶29     In total, the trial court calculated Wife's reasonable monthly expenses to be approximately $1,200 less than what she claimed in her Financial Declaration; however, it provided no findings to support the reduction. For example, the trial court reduced Wife's claimed expenses for her and the children's food and household expenses, telephones, monthly clothing allowance, money spent on gifts and donations and personal care and gym expenses with little explanation for those reductions, stating only, "The [monthly] telephone expense was reduced to $250.00 based upon the Court's experience that the services can be provided for much less than [Wife] is now paying." Yet, Wife testified at trial that she calculated her monthly expenses by keeping track of all of her monthly expenses by category for the seven months before filing her financial declaration and averaging those monthly expenses. And, though Husband objected generally to Wife's expenditures at trial, he did not specifically object to any of Wife's claimed expenses. In addition, there is no indication in the record that the trial court analyzed Wife's claimed expenses in light of the marital standard of living. Instead, the court seems to have applied its own sense of what was reasonable under the

circumstances in which Wife found herself as a result of the divorce.[2] "It follows that if the payor spouse's resources are adequate, alimony need not be limited to provide for only basic needs, but should also consider the recipient spouse's 'station in life.'" *Howell v. Howell*, 806 P.2d 1209, 1212 (Utah Ct. App. 1991) (quoting *Gramme v. Gramme*, 587 P.2d 144, 147 (Utah 1978)); *see also Jensen v. Jensen,* 2008 UT App 392, ¶ 9, 197 P.3d 117 ("[T]rial courts must be mindful of [one of] the primary purposes of alimony . . . to get the parties as close as possible to the same standard of living that existed during the marriage . . . ." (citation and internal quotation marks omitted)). Accordingly, we reverse the determination of Wife's reasonable monthly expenses and remand for the entry of more detailed findings consistent with this opinion. To the extent that Wife's monthly expenses are modified on remand, the trial court should also reconsider its alimony determination in light of the altered figure.

CONCLUSION

¶30    The determination of whether and in what amount alimony should be awarded is a separate inquiry from the issue of the support of the minor children. Accordingly, the better practice is for a court to analyze alimony without considering either the expenses or support payments related to the minor children. However, the trial court is not required to determine from the financial declaration which submitted expenses are related to the children and which are solely attributable to the maintenance of the spouse, when they are not delineated. Because Wife's financial declaration included expenses related to the minor children, the trial court did not abuse its discretion when it factored child support and the children's expenses into its determination of Wife's income and needs. It also did not abuse its discretion by not accounting for the children's majority because the court explained its rationale that both child-related expenses and child support payments should be eliminated at that time. Further, to the extent that the court's determination of alimony did not take into account the marital standard of living in determining Wife's appropriate established needs, we remand for this purpose. Moreover, we conclude that the trial court did not abuse its discretion in imputing additional income to Wife because the record evidence sufficiently supports

---

[2]In light of the trial court's mathematical error and in assessing Wife's need for support, the court should take into account that at the time of trial Husband had an approximately $1,600 difference between his available monthly income and monthly obligations from which to provide support for Wife.

that finding. We also determine that the court made a mathematical error in calculating Husband's disposable income. Finally, the court reduced Wife's expenses without entering sufficient findings explaining the reduction. We remand so that the trial court may correct the mathematical error, consider Wife's expenses in light of the standard of living enjoyed by the parties during the marriage if it did not previously do so, enter more detailed findings to support its calculation of Wife's expenses, and, if necessary, reconsider its alimony determination.

_____
Michele M. Christiansen, Judge

-----

¶31    WE CONCUR:

_____
Carolyn B. McHugh, Judge

_____
Stephen L. Roth, Judge