**2016 UT App 99**

# THE UTAH COURT OF APPEALS

CHANDRA PRAKASH BHONGIR,
Appellant,
*v.*
VIDISHA MANTHA,
Appellee.

Opinion
No. 20140707-CA
Filed May 12, 2016

Third District Court, West Jordan Department
The Honorable Charlene Barlow
No. 124400853

Jerry Salcido and Spencer J. Salcido, Attorneys
for Appellant

Steven C. Russell, Attorney for Appellee

SENIOR JUDGE PAMELA T. GREENWOOD authored this Opinion, in
which JUDGES J. FREDERIC VOROS JR. and KATE A. TOOMEY
concurred.[1]

GREENWOOD, Senior Judge:

¶1      Chandra Prakash Bhongir (Husband) appeals the district
court's grant of Vidisha Mantha's (Wife) motion to set aside the
parties' supplemental divorce decree, the court's subsequent
entry of temporary orders and a modified decree of divorce, and
its denial of Husband's motion to set aside the temporary orders.
We affirm but remand on the limited issue of the reasonableness
of the attorney fees the district court ordered Husband to pay.

---

1. Senior Judge Pamela T. Greenwood sat by special assignment
as authorized by law. *See generally* Utah R. Jud. Admin. 11-
201(6).

BACKGROUND

¶2    Husband and Wife were married in India in February 2011. Husband was living in Utah and, in March, Wife moved to Utah to be with him. By July the marriage "was troubled" and Wife returned to India. In January of the following year, Wife returned to Utah and lived at the YWCA. On May 4, 2012, Husband filed for divorce. Throughout their brief marriage, the two lived together for a total of only five months.

¶3    The district court executed a supplemental divorce decree (the Decree) in April 2013, which incorporated the parties' stipulated settlement agreement. The Decree contained the statement, "Each party is fully capable of supporting themselves, and therefore, neither party shall be awarded spousal support."

¶4    Wife soon filed a motion to set aside the Decree under rule 60(b) of the Utah Rules of Civil Procedure, arguing that she was not able to support herself and that the contrary indication in the Decree was a mistake. *See* Utah R. Civ. P. 60(b)(1).[2] The district court granted the motion, finding that "there was a mistake in signing the stipulation as the parties signed something that was not true relating to [Wife] having no need of alimony" and that "there was no meeting of the minds when the stipulation was signed." The district court eventually entered temporary orders, which were incorporated into another supplemental divorce decree (the Supplemental Decree), requiring Husband to pay Wife alimony of $1,000 per month for five months—the length of time the parties had lived together while married. The court also required Husband to pay a portion of Wife's attorney fees.

---

2. An amended version of rule 60 of the Utah Rules of Civil Procedure went into effect on May 1, 2016. For purposes of this appeal, we use the version of rule 60 in effect prior to May 1, 2016.

¶5      Husband moved—and the district court declined—to set aside the temporary orders on the ground of fraud, arguing Wife had perjured herself regarding having a work visa. This appeal followed.


ISSUES AND STANDARD OF REVIEW

¶6      Husband raises four issues for our review. First, he asserts that it was error for the district court to set aside the Decree on the ground of mistake. Second, he argues that the district court erroneously denied his rule 60(b) motion to set aside the temporary orders on the basis of fraud. Third, he contends that the award of alimony in the Supplemental Decree should be set aside. And fourth, he claims that the award of attorney fees and costs was erroneous. We review each of these issues for abuse of discretion. *See Ostler v. Buhler*, 957 P.2d 205, 206 (Utah 1998) (a district court's rulings on motions made pursuant to rule 60(b) are reviewed for abuse of discretion); *Dobson v. Dobson*, 2012 UT App 373, ¶ 7, 294 P.3d 591 (alimony awards are reviewed for abuse of discretion); *Stonehocker v. Stonehocker*, 2008 UT App 11, ¶ 10, 176 P.3d 476 (attorney fees awarded in a divorce proceeding "are within the [district] court's sound discretion" (citation and internal quotation marks omitted)).


ANALYSIS

¶7      "In a divorce proceeding, the trial court may make such orders concerning property distribution and alimony as are equitable. The trial court has broad latitude in such matters, and orders distributing property and setting alimony will not be lightly disturbed." *Jones v. Jones*, 700 P.2d 1072, 1074 (Utah 1985) (citation omitted). After considering each of the issues raised on appeal, we conclude that the district court acted within this broad latitude, and we therefore decline to disturb its orders with the sole exception of the order of attorney fees. We vacate

the court's ruling on attorney fees and remand for further proceedings.

I. The District Court's Grant of Wife's Rule 60(b) Motion

¶8 The district court did not abuse its discretion when it set aside the Decree on the grounds of mistake. Rule 60(b) of the Utah Rules of Civil Procedure provides that a district court "may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Utah R. Civ. P. 60(b)(1).

¶9 Within ninety days after the entry of the Decree, Wife filed a motion pursuant to rule 60(b), asking the district court to set aside the Decree because, among other reasons, her "gross monthly income is zero." She contended that her lack of income rendered the Decree's provision that "[e]ach party is fully capable of supporting themselves . . . clearly wrong."[3] The district court agreed, finding that "there was a mistake in signing the stipulation as the parties signed something that was not true relating to [Wife] having no need of alimony."

¶10 Husband now complains that Wife impermissibly used rule 60(b) to correct a legal error. In his view, the district court's finding "that the statement is a mistake, based upon the fact that

---

3. Wife's motion also argued that she was "in the United States on a visa that does not allow her to work." The district court ultimately determined that this statement was false. Wife was sanctioned for her misrepresentation, which is discussed in more detail *infra* ¶¶ 14–19. For purposes of this section, we discuss only the facts that Wife was not working and had no monthly income, which were the facts that drove the district court's order setting aside the Decree.

[Wife] is not able to support herself, is a legal conclusion." We disagree.

¶11    The court did not set aside the Decree solely because of a legal error. Instead, it set aside the Decree because the Decree contained a factual mistake, and that factual mistake affected the court's legal conclusion that neither party should be required to pay alimony. This is exactly how rule 60(b) is intended to operate. *See* Utah R. Civ. P. 60(b); *see also Goode v. Goode*, 624 N.E.2d 788, 791–92, 795–96 (Ohio Ct. App. 1993) (where spousal support award was based on stipulation containing mutual mistake as to the wife's income, the trial court erred by denying the husband's motion for relief under rule 60(b) of the Ohio Rules of Civil Procedure).

¶12    On appeal, Husband does not challenge the district court's factual finding that Wife could not support herself during the time for which alimony was awarded. *See infra* ¶ 19. He instead rests his argument on the proposition that Wife should have been precluded from using rule 60(b) to redress this mistake. But by its very language, the rule operates to correct *mistakes*. *See* Utah R. Civ. P. 60(b)(1). And here, the Decree's alimony determination was premised on the fact that Wife could support herself. That was not actually the case. The simplest way to describe this situation is to say that the Decree contained a mistake, and thus this correction fits within the confines of rule 60(b). Further, given the "liberal standard for application of Rule 60(b) in divorce cases," *Boyce v. Boyce*, 609 P.2d 928, 931 (Utah 1980), we cannot conclude that the district court acted in error. *See id.* (indicating that "a court should modify a prior decree when the interests of equity and fair dealing . . . so require").

¶13    Wife used the appropriate remedy when she requested relief from judgment under rule 60(b), which provides for relief from final judgments when a mistake has been made. We therefore determine the district court did not abuse its discretion by granting Wife's motion to set aside the Decree. *See Begum v.*

*Begum*, 2015 UT App 67, ¶ 17, 347 P.3d 25 ("The district court has 'broad discretion' in ruling on rule 60(b) motions 'because most are equitable in nature, saturated with facts, and call upon judges to apply fundamental principles of fairness that do not easily lend themselves to appellate review.'" (citation omitted)).

II. The District Court's Denial of Husband's Rule 60(b) Motion

¶14 Husband contends that the district court should have granted his rule 60(b) motion to set aside the temporary orders because Wife had made fraudulent statements to the court. As we did with the district court's decision to grant Wife's motion, "[w]e review a district court's denial of a rule 60(b) motion for relief from judgment for an abuse of discretion." *Lindsay v. Walker*, 2015 UT App 184, ¶ 14, 356 P.3d 195 (citation and internal quotation marks omitted).

¶15 After granting Wife's rule 60(b) motion and setting aside the Decree, the district court held a hearing to determine whether Wife should receive alimony. Wife misrepresented to the court that she was not able to work in the United States when, in fact, she possessed a work visa.[4] The district court initially found that Wife "was not employed at the time of the hearing although she stated she was 'preparing' to apply for a work visa." It then ordered that Husband pay Wife "spousal support for the duration of the time that they lived together in the marriage, i.e., five months" and determined that Husband was capable of providing $1,000 per month for the five months.

---

4. Wife also initially indicated, in response to an interrogatory, that she had only a high school education. But in court she testified to having an MBA. There is no indication in the record that the district court based any portion of its decision on Wife's level of education.

It also awarded Wife her attorney fees for work done through December 4, 2013.[5]

¶16    Husband's motion pursuant to rule 60(b) alleged that Wife had committed fraud. The district court agreed that Wife "did commit fraud by lying under oath to the Court" but determined that "the fraudulent testimony was not related to the reasons why the Court awarded [Wife] alimony and attorney fees." The district court accordingly denied Husband's motion. But the court also concluded that Wife "is in contempt of Court for her perjury and should be sanctioned for her actions." Accordingly, in the Supplemental Decree—which incorporated the temporary orders—the district court sanctioned Wife by imposing a thirty-day suspended jail term and a $1,000 fine, of which it suspended $750.

¶17    Husband is correct that rule 60(b) "provides for relief from a judgment where fraud has been established." But the rule does not *require* relief when fraud has been established. Instead, the rule is permissive: the court *may* provide relief. *See* Utah R. Civ. P. 60(b).

¶18    At the root of Husband's argument are his assertions that the district court "erred in allowing for [Wife] to be awarded alimony, attorney's fees, and costs, despite [her] attempts to hide the fact that she is able to work in the United States and produce income," and that his motion to set aside was therefore "proper since it is unjust for [Wife] to receive an order based upon fraud." But Husband misapprehends the issue. Even if we

---

5. December 4, 2013, is the date the parties appeared before the district court commissioner, who made recommendations regarding alimony and attorney fees. Each party objected to the recommendations, and the district court then ruled on the objections and entered the order on which Husband based his rule 60(b) motion. That order was entered March 13, 2014.

agreed that the district court "made the wrong call, it was, in its essence, a discretionary call—and one that was within the broad range of discretion entrusted to [it]." *See Gunn Hill Dairy Props., LLC v. Los Angeles Dep't of Water & Power*, 2015 UT App 261, ¶ 24, 361 P.3d 703 (Orme, J., concurring specially). In other words, we affirm the district court's denial of Husband's motion regardless of whether "we think it was the right decision but because of our deferential standard of review."[6] *See id.* ¶ 21.

¶19    Here, it is clear that the district court was aware of the fraud; made its orders regarding alimony, costs, and fees with that awareness; and declined to disturb those orders when presented with Husband's rule 60(b) motion. The district court explained that Wife's fraud did not affect its order regarding alimony, costs, or attorney fees, and we have no reason to doubt

---

6. There is at least some indication in our jurisprudence that the nature of Wife's fraud is sufficient to decide this issue. In *Rice v. Rice*, 212 P.2d 685, 688 (Utah 1949), our supreme court declared, "That perjury is intrinsic fraud and not therefore the basis of setting aside a judgment is well recognized." *Id.* at 688. But in *McBride v. Jones*, 615 P.2d 431 (Utah 1980), the court appears to have stepped back slightly from that pronouncement, indicating that *Rice* stood for the proposition "that intrinsic fraud will *not usually* be grounds for setting aside a judgment." *Id.* at 433 & n.4 (emphasis added). Then, in *Pepper v. Zions First National Bank, N.A.*, 801 P.2d 144 (Utah 1990), our supreme court referred to the "distinction between extrinsic and intrinsic fraud" as one based on "artificial analysis." *Id.* at 148. We note that the more recent cases discussing intrinsic fraud were not concerned with rule 60(b) of the Utah Rules of Civil Procedure but instead focused on a litigant's ability to collaterally attack a judgment on the basis of fraud. *See, e.g., id.* Because we decide this case based upon the district court's discretion to handle Wife's fraud through the sanctions imposed, we need not explore further the operation of any remaining distinction between extrinsic and intrinsic fraud.

this explanation. It reasoned that Husband filed for divorce in May 2012, and five months of alimony would provide for Wife until October 2012. Because Wife did not, in fact, have a visa to work during that time—she obtained the visa approximately one year later—"a five-month alimony would have covered a time when she could not work." The district court indicated that Wife's behavior was "more a contempt of court issue [and] that I should assess her some kind of penalty that goes into the court rather than something that goes to whether I believe that she should have a very minimal amount . . . of support." Because Wife's fraud did not affect the district court's decision to award alimony, the court had the discretion to leave that decision unaffected and address Wife's misconduct through other means, such as the sanctions it imposed.

### III. The Alimony Award

¶20    Husband separately argues that even if the district court properly set aside the Decree, it erred when it entered an alimony award on Wife's behalf. Insofar as Husband's argument focuses on Wife's perjury, we conclude that Section II, *supra*, resolves any question regarding the propriety of the district court's handling of that issue. Beyond the issue of Wife's perjury, Husband inconsistently argues both that the district court failed to make a finding regarding Wife's ability to produce income and that the district court erred in making such a finding. He also asserts that the district court abused its discretion when it awarded Wife alimony because "the parties were only married for five months before separating." We briefly consider each contention in turn.

¶21    In determining alimony, the district court was required to consider Wife's financial condition and needs, her earning capacity or ability to produce income, and Husband's ability to provide support. Utah Code Ann. § 30-3-5(8)(a) (LexisNexis 2013); *accord Bakanowski v. Bakanowski*, 2003 UT App 357, ¶ 8, 80 P.3d 153. Husband appears to take issue with the second factor,

arguing that the district court "erred in not making a finding of [Wife's] ability to produce income." But he then asserts that the district court "erred in making a finding as to [Wife's] ability to produce income based on the information that [Wife] does have a work visa." The contradictory nature of these arguments places them in the category of "inadequately briefed issues," which "[w]e will not address." *See Sanpete Am., LLC v. Willardsen*, 2011 UT 48, ¶ 64 n.14, 269 P.3d 118; *see also State v. Thomas*, 961 P.2d 299, 305 (Utah 1998) (explaining that a reviewing court will not consider an issue when "the overall analysis of the issue is so lacking as to shift the burden of research and argument" to the appellate court).

¶22    Husband's assertion that the district court "abused its discretion in awarding alimony when the parties were only married for five months before separating" is also inadequately briefed. He cites no authority other than the statutory allowance that "when a marriage of short duration dissolves, and no children have been conceived or born during the marriage, the court may consider restoring each party to the condition which existed at the time of the marriage." Utah Code Ann. § 30-3-5(8)(h). But Husband fails to indicate how this statute should guide our decision in this case. Without further development of this issue, we see no reason to depart from the principle that "an award of alimony up to the length of the marriage falls within the trial court's 'broad discretion.'" *See Kidd v. Kidd*, 2014 UT App 26, ¶ 53, 321 P.3d 200 (citation omitted).

## IV. Award of Costs and Attorney Fees

¶23    Finally, we address the district court's decision to order Husband to pay Wife's attorney fees. We first consider Husband's contention that the district court failed to make the requisite finding of reasonableness, and we then consider Husband's contention that the district court should have instead required Wife to pay his attorney fees.

¶24 To award costs and attorney fees in conjunction with an award of alimony, "the trial court must base the award on evidence of the receiving spouse's financial need, the payor spouse's ability to pay, and the reasonableness of the requested fees." *Childs v. Childs*, 967 P.2d 942, 947 (Utah Ct. App. 1998). A trial court's findings must include a finding that the requested fees are reasonable. *See Morgan v. Morgan*, 795 P.2d 684, 688 (Utah Ct. App. 1990). Husband contends that the costs and attorney fees award was erroneous because "there was no finding as to the reasonableness of the requested fees."[7] We acknowledge that, here, Wife's attorney provided the district court with an affidavit outlining the "reasonable" amount of costs and attorney fees incurred, but "there [was] no independent attempt by the court to characterize the fee as reasonable." *See id.* While we do not conclude that the district court's award of costs and fees was an abuse of discretion, we do agree that the court failed to make the requisite finding of reasonableness. We therefore remand for the limited purpose of allowing the district court to address the issue of reasonableness and to enter related findings. *Id.*

¶25 As to Husband's suggestion that the district court should have required Wife to pay his attorney fees, we are not persuaded. The court explicitly found that Wife could not pay her own attorney fees. It further found that Husband "can pay attorney fees." It would have been illogical to require Wife, a party who could not afford her own attorney fees, to pay fees on behalf of Husband, who had no financial need to have his attorney fees paid. The district court did not abuse its discretion by avoiding this result. *See Nielson v. Nielson*, 826 P.2d 1065, 1068 (Utah Ct. App. 1991) (determining that where a party "did not

---

7. Husband also revisits his argument that Wife's perjury should have prevented the district court from ruling in Wife's favor, which we do not readdress.

have the ability to pay" another's fees, the trial court did not abuse its discretion by denying an attorney-fee award).

CONCLUSION

¶26    The district court did not abuse its discretion when it granted Wife's motion to set aside the Decree under rule 60(b) of the Utah Rules of Civil Procedure, when it denied Husband's similar motion to set aside the temporary orders, when it awarded Wife alimony in the Supplemental Decree, or when it declined to require Wife to pay Husband's costs and attorney fees. Nevertheless, the district court failed to enter a specific finding as to the reasonableness of the attorney fees it awarded to Wife. We remand for the limited purpose of entering such a finding.

_____